**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

FOR COURT USE ONLY

IN THE MATTER OF:

**Michael Nathaniel Campbell**

S.S.#___**xxx-xx-6917**_____

and

S.S.#_____ Debtor(s)

CASE NO. **09-73813-mbm**
CHAPTER 13

_____/

## CHAPTER 13 PLAN

[ **X** ] Original **OR** [ ] Modification # _____ [ ] pre-confirmation **OR** [ ] post-confirmation

**I. PLAN PAYMENTS & DISBURSEMENTS**

This is the debtor's(s') latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

- A. The commitment period for this plan is no less than **60** months.
- B. The debtor shall make payments in the amount of **$321.68 Weekly** for **60** months (frequency).
- C. Plan length: **60** months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.
- C. 1. Debtor commits 100% of all tax refunds received or entitled to after confirmation of the case, and shall not alter any withholding deductions/exemptions without Court approval.
- D. Treatment of claims
    1. Class One - Administrative Expenses
        a. *Trustee fees* as determined by statute.
        b. *Adequate Protection payments*: Debtor shall make adequate protection payments to the secured creditors designated in Class 5 a. or the Executory Contracts and/or Unexpired leases of personal property designated in Class 3, unless otherwise indicated, directly to the Trustee, pursuant to II. N. Disbursement of adequate protection payments shall be paid as follows:

| CREDITOR | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| 1. | | |
| 2. | | |

        c. *Attorney fees and costs*: An agreed fee of $ **(see below)** less amount paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $ **(see below)** plus costs advanced in the amount of $ **(see below)** which totals $ **(see below)** . Said sum to be paid at the rate of $ **(see below)** per month.

        d. *Other:* Consistent with the Chapter 13 plan and the retainer agreement between the Debtor(s) and Frego & Brodsky, P.L.C., Debtor's attorney intends to file an application for award and approval of attorney fees for pre-confirmation services rendered. However, local bankruptcy rule 2016-1(c) reads "…an order confirming plan in a chapter 13 case may award debtor's attorney fees and expenses up to $3,500.00 in total for pre-confirmation services." Debtor's attorney may instead elect to accept compensation in this form without filing a fee application. This decision will be made at the time of confirmation by Debtor's attorney only.

    2. Class Two - Continuing Claims: Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor

1

with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall increase Plan payments as needed for such compliance.

    a.    Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **Bank of America**<br>**328 Josephine St., Detroit, MI 48203** | **328.00**<br>*Direct by Debtor as payments are current.* |

    b.    Post-Petition/Pre-Confirmation Arrears- (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| **-NONE-** | | | | |

3.    Class Three - Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]
    a.    Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/Reject/Assign? | If assumed, regular payment per month | Lease/Contract expiration date |
|---|---|---|---|
| **-NONE-** | | | |

    b.    Pre-Petition Obligations:

| Creditor/Collateral | If assumed, amount of Default | If assumed, number of months to cure from confirmation date + interest rate | If assumed, monthly payment on cure |
|---|---|---|---|
| **-NONE-** | | | |

4.    Class Four - Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5)]
Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| **-NONE-** | | | | |

5.    Class Five - Non-continuing Secured Claims: Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration.

    a.  <u>Purchase Money Security Interest in Personal Property.</u> Secured claims other than those listed in Classes Two, Four, and Five b., on which the last payment will become due within the Plan duration.

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Monthly Adequate Protection Payment | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    b. <u>Other Secured Claims</u>

2

Software Copyright (c) 1996-2001 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

09-73813-mbm    Doc 15    Filed 11/13/09    Entered 11/13/09 11:15:36    Page 2 of 8

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| **GMAC Mortgage 20066 Cameron, Detroit, MI 48203** | **Crammed Down** | **15,000.00** | **5%** | **283.07** | **16,984.11** | **60** |
| **GMAC Mortgage 20132 Hawthorne, Detroit, MI 48203, debtor's residence** | **Surrender Property in full satisfaction of debt.** | **21,000.00** | | | | |
| **Homeq Servicing 20108 Cameron, Detroit, MI 48203** | **Crammed Down** | **13,000.00** | **5%** | **245.33** | **14,719.56** | **60** |
| **Ocwen 20145 Cameron, Detroit, MI 48203** | **Crammed Down** | **12,000.00** | **5%** | **226.45** | **13,587.29** | **60** |
| **Vericrest 20131 Cameron, Detroit, MI 48203** | **Crammed Down** | **9,000.00** | **5%** | **169.84** | **10,190.47** | **60** |

6. <u>Class Six - Priority Unsecured Claims</u>

    a. Non-Assigned Domestic Support Claims [11 U.S.C. §1322(a)(2)]

    | <u>Creditor</u> | <u>Amount</u> | <u>Interest Rate</u> |
    |---|---|---|

    b. Assigned Domestic Support Obligations [11 U.S.C. §1322(a)(4)]

    | <u>Creditor</u> | <u>Amount</u> | <u>Interest Rate</u> |
    |---|---|---|

    c. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

    | <u>Creditor</u> | <u>Amount</u> | <u>Interest Rate</u> |
    |---|---|---|
    | **-NONE-** | | |

7. <u>Class Seven - Special Unsecured Claims</u> shall be paid in full and concurrently with Class Eight General Unsecured Claims.

    | <u>Creditor</u> | <u>Amount</u> | <u>Interest Rate</u> | <u>Reason for Special Treatment</u> |
    |---|---|---|---|
    | **-NONE-** | | | |

8. <u>Class Eight - General Unsecured Claims</u> **shall be paid a BASE SUM OF NO LESS THAN $16,172.57. This Plan shall yield no less than $16,172.57 or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.**

9. Other Provisions: **THIS IS AN UNSECURED BASE PLAN FOR $16,172.57 TO CLASS EIGHT- GENERAL UNSECURED CREDITORS, RATHER THAN A PERCENTAGE PLAN. This Plan shall yield no less than $16,172.57 or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.**

3

II. **GENERAL PROVISIONS**

    A. **THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:**
        I.C.1., I.D., I.D.5.a., I.D.8., I.D.9, II.I., II.L.

    B. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**: Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)]. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

    C. **SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

    D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

    E. **UNSCHEDULED CREDITORS FILING CLAIMS**: If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

    F. **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN**: In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

        1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of collateral.

        2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

        3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court.

        4. A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan. Unless otherwise ordered by the Court, adequate protection payments shall not be paid to claims designated in Class 5 a. which do not meet the requirements in II.N.

        **NOTE:** Debtor reserves the right to object to any claim.

    G. **TAX RETURNS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed except the following (see L.B.R. 2083-1(E.D.M.) regarding non-filed returns):
        **-NONE-**

    H. **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.
        1. 11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

        2. The debtor shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

    I. **ORDER OF PAYMENT OF CLAIMS**: Class One claims shall be paid in advance of all claims, then Classes Two a. and Five a. (monthly disbursements to each creditor in such classes shall not exceed the monthly required payment for such creditor for the month in which disbursement is being made plus any unpaid monthly required payments accruing before the date of disbursement), then Classes Two b. and Three, then Classes Four and Five b.,

4

then Class Six unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 1322(a)(2), and then Classes Seven and Eight shall be paid as stated in each respective section. [L.B.R. 3015-1(a)(5) (E.D.M.)]

J. **WORKSHEET**: The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K. **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

M. **ENTRY OF ORDERS LIFTING STAY**: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

N. **ADEQUATE PROTECTION:** Pre-Confirmation Adequate Protection in Chapter 13 for Creditors Secured in personal property under 11 U.S.C. §1326(a)(1)(B) and 11 U.S.C. §1326(a)(1)(C):

Adequate protection shall be paid to Purchase Money Security Security Interest Creditors in personal property and to lessors of personal property pursuant to the Local Bankruptcy Rule 4001-6 for the Eastern District of Michigan, and stated herein:

**a. Payment by Trustee**
**1. Conditions of Disbursements:** The trustee shall disburse pre-confirmation payments under 11 U.S.C. § 1326(a)(1) to creditors holding purchase money security interests in personal property and to lessors of personal property, if:
  A. Funds are available;
  B. The creditor or lessor has, by the 14th day of the month prior to the trustee's next regularly scheduled disbursement, filed a proof of claim with adequate proof of a security interest attached setting forth the amount of the debtor's contractual monthly payment obligation;
  C. Either the plan proposes that the claim will be paid by the trustee or the debtor was not current in the debtor's contractual monthly payment obligation when the petition was filed;
  D. The plan proposes that the debtor will retain possession of the secured or leased property; and
  E. A stay is in effect as to the secured or leased property.
**2. Timing of Disbursement:** The trustee's disbursements shall be made monthly until an order of confirmation is entered.
**3. Amount of Disbursement:** Unless the court orders otherwise for good cause shown under 11 U.S.C. § 1326(a)(3), the disbursements shall be thirty percent of the debtor's contractual monthly payment obligation to each secured creditor and one hundred percent of the debtor's contractual monthly payment obligation to each personal property lessor. If the trustee does not have sufficient funds on hand to make all of the required disbursements, the disbursements shall be made pro rata based on the monthly payments required.
**4. Dismissal or Conversion:** Upon dismissal or conversion of the case, the trustee shall make the required pre-confirmation disbursements before disbursing any funds to the debtor.
**5. Trustee's Statutory Fee:** For all pre-confirmation disbursements, the trustee shall be awarded and paid a fee equal to the applicable percentage fee established by the United States trustee.
**b. Direct Payment by the Debtor**
**1. Conditions of payment:** Without a court order, the debtor shall make pre-confirmation payments under 11 U.S.C. § 1326(a)(1) to a creditor holding purchase money security interests in personal property and to a lessor of personal property if:
  A. The creditor or lessor has filed a proof of claim with adequate proof of a security interest attached setting forth the amount of the debtor's contractual monthly payment obligation;
  B. The debtor was current in the contractual monthly payment obligation when the petition was filed;
  C. The plan proposes that the claim will be paid directly by the debtor;
  D. The plan proposes that the debtor will retain possession of the secured or leased property; and
  E. A stay is in effect as to the secured or leased property.

5

**2. Timing and Amount of Payment by the Debtor:** The debtor's payments shall be made as required by the debtor's contract.

**c. Amended Proof of Claim**: Within 30 days after confirmation, a creditor receiving any pre-confirmation payments shall file an amended proof of claim clearly showing the application of the pre-confirmation payments.

**III. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 21,000.00 | 46,821.85 | 0.00 | 0.00 | 0.00 |
| **VEHICLES** | 6,600.00 | 0.00 | 6,600.00 | 6,600.00 | 0.00 |
| **HHG/PERSONAL EFFECTS** | 7,500.00 | 0.00 | 7,500.00 | 7,500.00 | 0.00 |
| **JEWELRY** | 1,250.00 | 0.00 | 1,250.00 | 1,250.00 | 0.00 |
| **CASH/BANK ACCOUNTS** | 232.00 | 0.00 | 232.00 | 232.00 | 0.00 |
| **OTHER** | 255,635.62 | 0.00 | 255,635.62 | 255,635.62 | 0.00 |
| ***OTHER REAL PROPERTY** | 75,500.00 | 241,268.67 | 8,500.00 | 6,193.00 | 2,307.00 |

Amount available upon liquidation ............................................................................ $ **2,307.00**

Less administrative expenses and costs .................................................................... $ **2,125.00**

Less priority claims .................................................................................................. $ **0.00**

Amount Available in Chapter 7 .................................................................................. $ **0.00**

---

**/s/ James P. Frego**
**James P. Frego P55727**
Attorney for Debtor
**Frego & Brodsky, P.L.C.**
**23843 Joy Road**
**Dearborn Heights, MI 48127**

**FregoJames@aol.com;  jpfrego1@yahoo.com**
**(313) 565-4252**
Phone Number

**/s/ Michael Nathaniel Campbell**
**Michael Nathaniel Campbell**
Debtor

_____
Joint Debtor

**October 30, 2009**
Date

**WORKSHEET**

1. Length of Plan is _____ weeks; **60** months; _____ years.

   Debtor #1:

2. $ **321.68** per pay period x **260** ( **Weekly** ) pay periods per Plan = $ **83,636.80** total per Plan

   Debtor #2:

   $ _____ per pay period x _____ ( ) pay periods per Plan = $ _____ total per Plan

3. $ _____ per period x _____ periods in Plan = _____

4. Lump Sums: **0.00**

5. Equals total to be paid into the Plan **83,636.80**

6. Estimated trustee's fees **3,982.80**

7. Attorney fees and costs **8,000.00**

8. Total priority claims **0.00**

9. Total installment mortgage or other long-term debt payments **0.00**

10. Total of arrearage including interest **0.00**

11. Total secured claims, including interest **55,481.43**

    Total of items 6 through 11 $ **67,464.23**

12. BASE PLAN Funds available for unsecured creditors (item 5 minus item 11) $ **16,172.57**

13. Total unsecured claims (if all file) $ **251,287.26**

14. Estimated BASE PLAN FUNDS to unsecured creditors under Plan **16,172.57**

15. Estimated dividend to general unsecured creditors if Chapter 7, (see liquidation analysis attached) $ **0.00**

COMMENTS:

8