**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN THE MATTER OF:

MICHAEL NATHANIEL CAMPBELL

Debtor

CHAPTER **13**
Case No. 09-73813-MBM
Judge MARCI B. MCIVOR

**TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND**
**TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;**
**NOTICE TO CREDITORS OF OBLIGATION TO**
**FILE A RESPONSE AND RIGHT TO OBJECT; AND**
**NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

*Please read this Report carefully. It advises you of certain*
*rights and deadlines imposed pursuant to the law.*
*<u>Your rights may be adversely affected.</u>*

David Wm. Ruskin, Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2015-5(a)(1), reports to the Court that the above-named Debtor has completed all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

**IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR HAS PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**

**IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR'S CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**

*PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR, DEBTOR'S COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.*

©2011 David Wm. Ruskin

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-5(a)(2), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will include findings that:

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured and the claim is in all respects current, with no escrow balance, late charges, costs or attorney fees owing.

Pursuant to E.D. Mich. LBR 2015-5(a)(3), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

### RIGHTS AND DUTIES OF DEBTOR

**Duty of Debtor regarding secured debt obligations:** Every Debtor, regardless of whether the Debtor is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that come due after the date of the Debtor's last payment under the Plan.

*See* E.D. Mich. LBR 2015-5(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file a Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283.

3. If the Debtor fails to complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283 within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge.

*See* E.D. Mich LBR 4004-1

**RIGHTS AND DUTIES OF CREDITORS**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-5(a)(4), if any party in interest asserts that:

1. The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtor is not current in any payments the Debtor was authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured or that the claim is otherwise not current in all respects including, but not limited to, any unpaid escrow balance, late charge, cost or attorney fee; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor's may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2015-5(a)(5), it shall be conclusively determined that:

1. Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured and the claim is current in all respects including, but not limited to, all escrow balances, late charges, costs or attorney fees; and

©2011 David Wm. Ruskin

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT
David Wm. Ruskin, Chapter 13 Standing Trustee

Dated: April 10, 2015

/s/ Thomas D. DeCarlo
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
26555 Evergreen Road Ste 1100
Southfield, MI 48076-4251
Telephone (248) 352-7755

©2011 David Wm. Ruskin

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

IN THE MATTER OF:
MICHAEL NATHANIEL CAMPBELL

Debtor

CHAPTER 13
Case No. 09-73813-MBM
Judge MARCI B. MCIVOR

**PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

I hereby certify that on April 10, 2015, I electronically filed the TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

Frego & Associates - The Bankruptcy Law Office Plc
23843 Joy Road
Dearborn Heights, MI 48127

The parties on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

/s/ Deanna Thiel
Deanna Thiel
For the Office of the Chapter 13 Standing Trustee-Detroit
26555 Evergreen Road Ste 1100
Southfield, MI 48076-4251
(248) 352-7755

©2011 David Wm. Ruskin

MICHAEL NATHANIEL CAMPBELL
20108 CAMERON ST
DETROIT, MI 48203

AAA FINANCIAL SERVICES
P O BOX 15019
WILMINGTON, DE 19886-5019

AMS SERVICING LLC
% TROTT LAW PC
31440 NORTHWESTERN HWY STE 200
FARMINGTON HILLS, MI 48334-5422

BANK OF AMERICA
P O BOX 5170
SIMI VALLEY, CA 93062-5170

BANK OF NEW YORK
% VERICREST FINANCIAL INC/CITI GROUP
13801 WIRELESS WAY
OKLAHOMA CITY, OK 73134

BANK OF NEW YORK MELLON
101 BARCLAY ST. 4W
NEW YORK, NY 10286

CAPITAL ONE
P O BOX 6492
CAROL STREAM, IL 60197

CAPITAL ONE BANK USA NA
% AMERICAN INFOSOURCE LP
P O BOX 71083
CHARLOTTE, NC 28272-1083

CHASE
P O BOX 94014
PALATINE, IL 60094

CHASE BANK USA
P O BOX 15145
WILMINGTON, DE 19850-5145

CITI CARDS
P O BOX 6000
THE LAKES, NV 89163

CITIBANK
P O BOX 44195
JACKSONVILLE, FL 32231

CITICARD
P O BOX 142319
IRVING, TX 75014

FIA CARD SERVICES
P O BOX 15646
WILMINGTON, DE 19850-5646

FIA CARD SERVICES
% PRA RECEIVABLES MANAGEMENT LLC
P O BOX 12907
NORFOLK, VA 23541

FIRST EQUITY
P O BOX 23029
COLUMBUS, GA 31902-3029

FIRST EQUITY CARD
% CREDITORS BANKRUPTCY SERVICE
P O BOX 740933
DALLAS, TX 75374

©2011 David Wm. Ruskin

GMAC MORTGAGE
% ORLANS & ASSOCIATES
P O BOX 5041
TROY, MI 48007

GMAC MORTGAGE CORP
P O BOX 9001719
LOUISVILLE, KY 40290-1719

HOMEQ SERVICING CORP
P O BOX 13716
SACRAMENTO, CA 95853-3716

HSBC BANK NEVADA NA
% PRA REVEIVABLES MANAGEMENT LLC
P O BOX 12907
NORFOLK, VA 23541

JC PENNEY
P O BOX 960090
ORLANDO, FL 32896-0090

JUNIPER BANK
P O BOX 1337
PHILADELPHIA, PA 19101

MERS
% GMAC MORTGAGE LLC
3451 HAMMOND AVE
WATERLOO, IA 50702

OCWEN FEDERAL BANK
P O BOX 6440
CAROL STREAM, IL 60197-6440

OPHRYS LLC
% WEINSTEIN & RILEY PS
P O BOX 3978
SEATTLE, WA 98124-3978

PORTFOLIO RECOVERY ASSOCIATES
% PRA RECEIVABLES MANAGEMENT LLC
P O BOX 12914
NORFOLK, VA 23541

SEARS MASTERCARD
P O BOX 183082
COLUMBUS, OH 43218

TEAMSTERS PRIVLEDGE
P O BOX 5222
CAROL STREAM, IL 60197

THE BANK OF NEW YORK
%BAYVIEW LOAN SERVICING LLC
4425 PONCE DE LEON BOULEVARD
5TH FLOOR
CORAL GABLES, FL 33146

THE BANK OF NEW YORK MELLON
%US BANK TRUST NATIONAL
ASSOCIATION
SN SERVICING CORP
323 5TH STREET
EUREKA, CA 95501

THE BANK OF NEW YORK MELLON
% BARCLAYS CAPITAL REAL ESTATE INC
P O BOX 160101
SACRAMENTO, CA 95816

THE BANK OF NEW YORK MELLON
% STATEBRIDGE MORTGAGE LLC
4600 S SYRACUSE ST #700
DENVER, CO 80237

THE BANK OF NEW YORK MELLON TRUST
%BAYVIEW LOAN SERVICING LLC
62516 COLLECTION CENTER DRIVE
CHICAGO, IL 60693-0625

THE BANK OF NEW YORK MELLON TRUST CO
% AMS SERVICING LLC
3374 WALDEN AVE #120
DEPEW, NY 14043

US BANK NA
% GMAC MORTGAGE LLC
3451 HAMMOND AVE
WATERLOO, IA 50702

VERICREST FINANCIAL INC.
P O BOX 24330
OKLAHOMA CITY, OK 73124

WALMART DISCOVER
P O BOX 960024
ORLANDO, FL 32896-0024

©2011 David Wm. Ruskin

WELLS FARGO BANK
% REMITTANCE
P O BOX 14487
DES MOINES, IA 50306

WELLS FARGO BANK
% OCWEN FEDERAL BANK
P O BOX 24781
WEST PALM BEACH, FL 33416

WELLS FARGO FINANCIAL BANK
P O BOX 98791
LAS VEGAS, NV 89193

©2011 David Wm. Ruskin